Clerk of the US District Court
Southern District of Iowa
P.O. Box 9344
Des Moines, Iowa, 50306-9344

Re: Hazen v Reagen, Civil No. 75-201-1

Dear Clerk;

Sorry this is so rough - I'm doing it hard right now.

Please file in my behalf and would you notify John Roehrich - the old Class Lawyer I filed this.

Thankyou

Steve Alypoff 0013003

Enclosures.

In The United States District Court
For The Southern District of Iowa
Central Division

Bruce Hozen, et al.,

    Plaintiffs

v.    Civil No. 75-201-1

Michael Reagen, et al.,

    Defendants.

Motion For Order To Show Cause Why Defendants Should not Be Held In Contempt.

The Plaintiff Class in Hozen which included all inmates confined at the Iowa State Penitentiary, contended that the policies and practices of the Iowa State Penitentiary had challenged certain policies and practices violated

the Equal Protection Clause of the Fourteenth Amendment. According to the plaintiff class, the disparities between the policies in effect at Iowa State Penitentiary and those in effect at the Iowa Women's Reformatory at Rockwell City were so great and so irrational that they constituted an equal protection violation. On December 17, 1981, the Plaintiff Class and defendants entered into a Settlement Agreement on July 28, 1982. The Court approved the Settlement Agreement on July 28, 1982. On the 23rd day of July 1982 the Court found the proposed settlement agreement fair, reasonable, adequate, and in the best interests of the members of the male Plaintiff class. Accordingly pursuant to the Court's duties and obligations under Federal Rule of Civil Procedure 23(e) the Court hereby approves the Settlement Agreement filed in the above entitled action on December 17, 1981.   It is therefore ordered that the Settlement Agreement filed in the above entitled action on December 17, 1981 is hereby

approved. It is further ordered that the parties shall come into compliance with the terms of the December 17, 1981 Settlement Agreement as soon as practicable. The terms of the Settlement Agreement were incorporated hereby by reference in this Courts Ruling and Order by Chief Judge W.C. Stuart filed on the 23rd day of July 1982 as his "Ruling and Order Approving Settlement.

As likely the sole remaining named Plaintiff class representative Steven Ray Wykoff further states that under division IX of the Settlement Agreement this Court incorporated terms of retention and jurisdiction to monitor compliance with the Agreement and decree.

<u>Allegations of Contempt by Named Class Representative Steven R. Wykoff</u>

1. The undersigned Steven R. Wykoff am a named class party representative and signature party to the Settlement Agreement better than 3 decades ago.

2. That I have reviewed the terms of the Settlement Agreement, and must concede the

Herein named defendants Ken Jerry Bartruff, Mike Brown, Connolly Amber, all have personally denied Plaintiff Wycoff a transfer to Rockwell a minimum security facility irrespective Wycoff had been at the top of the level system for over 16 years, had 250 points and met every policy mandate to qualify soley because he is a lifer contrary to the settlement agreement at sections II ~~(C)(6)~~ Level System – at (C)6. where it states

"will be established for all inmates and shall be established for all inmates and shall be applicable for all inmates regardless of offense, ... and no class A felon shall be ineligible for movement throughout the level system.

Plaintiff Wycoff took over 3 decades to work his way through a system he agreed to in 1981 and now that he's qualified by the very level system rules he helped design – the officials of the IDOC offenders Service who approve transfer want to stop his growth at being pro social. All the officers of the Department of Corrections offenders

Services bare equal responsibility for this contemptuous conduct. and should be found in contempt.

A careful reading of all of Attachment #3 will show this Court Wyoff went from being really bad to really good utilizing a TIP System to become so pro social to the end of a system that should be able to reward him with a furlough with his family I haven't been with for 60 plus years.

To reach the top of the mountain to only have it snached out deep into my heart. This Court should award Wyoff damages and a order for imediate transfer to Rockwell.

In closing Wycoff respectfully requests that this Court re-appoint old class counsel John Roehrick of Des Moines to represent Plaintiff's in this matter.

Respectfully

Steven Wycoff  C013003
2700 Coral Ridge Ave  IMCC
Coral Ridge, Iowa, 52241

Attachments:

Tera Wycoff 0013003
2700 Coral Ridge Ave
Coral Ridge, Iowa, 52241

X-RAYED & CLEARED BY U.S.M.S.

Legal Mail

**USPS GROUND ADVANTAGE™**  G

U.S. POSTAGE PAID
QUADIENT INC.
ePostage

IOWA MEDICAL CLASSIFICATION CENT
2700 CORAL RIDGE AVE
CORALVILLE IA 52241-4708

Ship Date: 08/23/23
Weight: 1 lb 6 oz
0001

US DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
PO BOX 9344
DES MOINES IA 50306-9344

B093

USPS TRACKING # EP
9234 6902 2008 6316 5723 73